IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:23cv224 |
| MARY WRIGHT | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jay Williams, an inmate of the Henderson County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is an individual named Mary Wright, whom Plaintiff does not identify in his complaint; public records show that she is the county clerk for Henderson County.

On May 3, 2023, Plaintiff was ordered to file an amended complaint setting out a short and plain statement of his claim, including a concise statement of the claims which Plaintiff wishes to raise, the facts giving rise to these claims, identification of the individual or individuals whom Plaintiff wishes to sue, and a statement showing how each named Defendant is involved in the facts forming the basis of the claim. By separate order that same date, Plaintiff was directed to pay the statutory $402.00 filing fee or to properly seek leave to proceed *in forma pauperis*. A standard *in forma pauperis* application form was furnished to him along with the order.

To date, Plaintiff has not filed an amended complaint. In response to the order directing payment of the filing fee or obtaining leave to proceed *in forma pauperis*, Plaintiff submitted a handwritten document labeled "Coupon." The document reads "Pay to U.S. Court Eastern, Amount

1

$402.00, Four Hundred Two Dollars and 0/100, for filing fee. Title 18 U.S.C. Section 8, Title 18 U.S.C. Section 20(7)(10)."

Plaintiff's "coupon" has no monetary value and is of no legal effect. *See generally Turnbough v. Thaler*, civil action no. 6:11cv336, 2011 U.S. Dist. LEXIS 115666, 2011 WL 4592379 (E.D.Tex., August 13, 2011), *Report adopted at* 2011 U.S. Dist. LEXIS 112654, 2011 WL 4592361 (E.D.Tex., September 30, 2011) (plaintiff's handwritten "affidavit for commercial discharge" was "an item of his own creation," having no legal meaning or effect, and thus could not satisfy his obligation to pay the statutory filing fee).

Of the statutes Plaintiff cites, 18 U.S.C. §8 defines the term "obligations of other security of the United States" as "all bonds, certificates of indebtedness, national bank currency, Federal Reserve notes, Federal Reserve bank notes, coupons, United States notes, Treasury notes, gold certificates, silver certificates, fractional notes, certificates of deposit, bills, checks, or drafts for money, drawn by or upon authorized officers of the United States, stamps and other representatives of value, of whatever denomination, issued under any Act of Congress, and canceled United States stamps." Plaintiff's hand-written "coupon" does not fall into any of these categories.

18 U.S.C. §20(7) says that a Federal Reserve bank or a member bank of the Federal Reserve system is a "financial institution," and §20(10) says that a mortgage lending business (as described in Section 27 of this title) or any person or entity that makes in whole or in part a federally related mortgage loan as defined in Section 3 of the Real Estate Settlement Procedures Act of 1974 is a "financial institution." Plaintiff does not show, nor does it appear, that either of these sections are applicable to his hand-written "coupon."

Because Plaintiff has not complied with the Court's orders to amend his complaint or to pay the filing fee or properly seek leave to proceed *in forma pauperis*, his lawsuit may be dismissed for failure to prosecute or to obey an order of the Court. However, his case suffers from a more fundamental flaw.

As noted above, the sole named Defendant is Mary Wright, whom public records identify as the county clerk of Henderson County, Texas. Plaintiff's statement of claim reads, in its entirety, as follows:

> Jay Williams paid house loan off in full. Tracking number on laptop. Loan company had a lawyer send notices that were not signed. Jay Williams sent documentation to County Attorney Clint Davis and Sheriff Hillhouse via email. See Lorraine v. Markel.[1]
>
> After Jay Williams was kidnapped at gunpoint without a warrant by sheriff's deputies, Jay Williams' property went up for sale. Jay Williams' wife and disabled son with autism are homeless. Jordan Williams lost his job as a result. Amy does not work. Jay Williams is indigent.

Plaintiff goes on to list "points of authority" including the Bible, the U.S. Constitution, the Federal Rules of Civil Procedure, the Texas Constitution, the Declaration of Independence, the Texas Code of Criminal Procedure, Texas Rules of Evidence 406 and 602, the Texas Disciplinary Rules of Professional Conduct, and the Rules for Judges. He also refers to Title 18 of the U.S. Code, the Texas Constitution, the Judiciary Act of 1789, the Racketeer Influenced and Corrupt Organizations Act, the Hobbs Act, and "street gang."

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content

---

[1] *Lorraine v. Markel American Insurance Co.*, 241 F.R.D. 534 (D.Md. 2007) concerns the admissibility of electronically stored or transmitted information.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

Plaintiff's complaint does not contain any allegations at all concerning Mary Wright, the sole named Defendant in the case. He offers nothing to show, or to allow the Court to infer, that Wright

4

is responsible for any of the alleged misconduct. Consequently, Plaintiff has failed to state a claim upon which relief may be granted, and his lawsuit should be dismissed on this basis as well.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to state a claim upon which relief may be granted and, alternatively, for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 13th day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE